# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Theresa Gilbert,

    Plaintiff,

v.

Commissioner of Social Security

    Defendant.

Case No. 1:17cv144

Judge Michael R. Barrett
Magistrate Judge Karen Litkovitz

## **ORDER**

This matter is before the Court upon the Magistrate Judge's February 2, 2018 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 19).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). After being granted an extension of time, Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 22).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except as necessary to respond to Plaintiff's objections.

### A. Weight given to the opinion of Physical Therapist, Cynthia Lear

Plaintiff argues the ALJ improperly weighed the opinion of Cynthia Lear, a physical therapist who conducted a functional capacity assessment of Plaintiff. Ms. Lear concluded that Plaintiff was unlikely to sustain employment even in a sedentary position. The Magistrate Judge addressed this same argument in the R&R, and the Court finds no error in the Magistrate Judge's conclusion.

A physical therapist is not an "acceptable medical source," and such opinions are not entitled to special deference. *Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 248-49 (6th Cir. 2015) (citations omitted). Accordingly, it was within the ALJ's discretion to assign Ms. Lear's opinion the appropriate weight based upon the evidence in the record. *Id.* As the Magistrate Judge explained, factors considered when evaluating opinions from "other sources" include: how long the source has known the individual; how frequently the source has seen the individual; how consistent the opinion of the source is with the other evidence; how well the source explains its opinion; and whether the source has a specialty or area of expertise related to the individual's impairment. SSR 06-03p.

Upon review, the ALJ gave "little weight" to the opinion of Ms. Lear, and concluded that Plaintiff retained the ability to do sedentary work. The ALJ found that Ms. Lear's assessment was incomplete and that her opinions were inconsistent with Plaintiff's prior physical examinations.

Plaintiff argues the objective findings determined by the functional capability assessment support Ms. Lear's conclusion. For the first time, Plaintiff now contends that the assessment results show deterioration of Plaintiff's condition after other objective tests were performed, including the EMG test performed in July 2013. She argues the ALJ's conclusion was therefore not supported by the record. Plaintiff, however, cites to no evidence aside from Ms. Lear's

assessment that would show a deterioration of Plaintiff's condition since the EMG test specifically.[1] In addition, Plaintiff concedes that there was no evidence a physician reviewed Ms. Lear's assessment results to corroborate the diagnostic test results. Finally, Ms. Lear's determination that Plaintiff was unable to do part-time sedentary work is unpersuasive as it is a legal conclusion reserved solely to the Commissioner. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

In finding the ALJ's reasons were substantially supported by the record, the Magistrate Judge explained that Ms. Lear evaluated Plaintiff one time during a one-hour examination. In addition, Ms. Lear relied heavily on Plaintiff's subjective complaints in certain areas, which the ALJ found to be not entirely credible. Upon review, the Court agrees with the Magistrate Judge and finds no error in the ALJ's determination to afford Mr. Lear's opinion little weight. Accordingly, Plaintiff's objections on this point are **OVERRULED**.

### B. The ALJ's RFC determination

Plaintiff argues the ALJ erred in assessing her residual functional capacity ("RFC") by not adequately incorporating the opinion on consultative examining psychologist Dr. DeLuca. With respect to mental functional limitations, the RFC finding provides as follows:

> The [Plaintiff] is limited to simple, routine, repetitive work with no strict production pace required. She should have no more than occasional changes to her job duties, and should not perform work that requires reading, writing, or arithmetic.

(Tr. 18).

Plaintiff argues Dr. DeLuca's opinion that "[Plaintiff] exhibited limitations in

---

[1] The Court acknowledges that Plaintiff's RFC is apparently "now more limited than determined in the prior administrate law judge decision." (Doc. 19, PageID 905) (quoting Acquiescence Rulings (AR) 98-4(6) and 98-3(6)). ALJ Thomas, accounted for that conclusion, however, amending Plaintiff's RFC from light work with exceptions to sedentary work with exceptions. (Id. at PageID 906).

3

common-sense reasoning and judgment" would impede Plaintiff's ability to respond to workplace stress. Plaintiff contends this should have been included in the ALJ's RFC finding.

Upon review, the Court agrees with the Magistrate Judge that the ALJ did not omit restrictions against workplace stress. Rather, taken as a whole, the ALJ's RFC finding accounted for Dr. DeLuca's opinion that Plaintiff would not respond well to workplace stress by limiting her ability to simple routine, repetitive work. Indeed, the specific limitations cited by the ALJ clearly take into consideration the Dr. DeLuca's opinion. The ALJ is not required to adopt a medical source's opinion verbatim. *See* SSR 96-5p, 1996 WL 374183, at \*5. Accordingly, Plaintiff's objections on this point are **OVERRULED**.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's February 2, 2018 R&R. (Doc. 19). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

    s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court